Echo W. DIXON, Plaintiff–Appellant,

v.

Capt. LABORIEL, Shield # 654; C.O. Martinez, Shield # 2818; Captain Salik; Copeland, Asst. Deputy Warden; Barry, Deputy Warden; Leroy Grant, Warden; Bill Doe, Dr.; Steve Doe, Captain; Johnson, Captain; John Doe, Asst. Deputy Warden; James Doe, Asst. Deputy Warden, Defendants–Appellees,

Department of Correctional Services, Defendant.

No. 03–0241–pr.

United States Court of Appeals, Second Circuit.

Nov. 5, 2008.

Echo W. Dixon, Malone, NY, pro se.

Deborah A. Brenner, Assistant Corporation Counsel, (Michael A. Cardozo, Corporation Counsel, of counsel), City of New York Law Department, New York, NY, for Defendants–Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Echo W. Dixon appeals from a judgment of the district court granting the defendants-appellees' motion for summary judgment and dismissing Dixon's 42 U.S.C. § 1983 complaint in its entirety on the basis of Dixon's failure to exhaust administrative remedies as to some of his claims. We assume the parties' familiarity with the facts and proceedings below and the issues on appeal.

The defendants-appellees concede that, based on legal principles established after the decision, the district court's dismissal of Dixon's claims not subject to the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") was improper. Because a district court ordinarily must consider a prisoner's exhausted § 1983 claims even if they are combined with unexhausted claims that are subject to dismissal, the district court erred in dismissing Dixon's complaint in its entirety. *See Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 925–26, 166 L.Ed.2d 798 (2007); *Ortiz v. McBride,* 380 F.3d 649, 663 (2d Cir.2004),

cert. denied, 543 U.S. 1187, 125 S.Ct. 1398, 161 L.Ed.2d 190 (2005). We therefore vacate the district court's judgment and remand the cause to the court for further proceedings.

Because the district court concluded that the existence of some unexhausted claims justified dismissal of Dixon's complaint in its entirety, it did not identify all of Dixon's claims or distinguish exhausted from unexhausted claims. For example, although the district court dismissed Dixon's claim for cruel and unusual punishment as unexhausted, that claim might have been exhausted to the extent that it is based on the alleged physical assaults that occurred in the moments prior to Dixon's confinement in the decontamination cell. *See generally Hemphill v. New York,* 380 F.3d 680, 686 (2d Cir.2004).

On remand, the district court should therefore: (1) identify the claims that it finds have been exhausted and those that it finds to be unexhausted under the PLRA,(2) decide on the merits the defendants-appellees' motion for summary judgment as it relates to those claims that are exhausted or not otherwise subject to the PLRA, and (3) dismiss the unexhausted claims.